IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE:  PATRICIA WALKER,             CASE NO. 4:13-bk-12806
DEBTOR                                                                         CHAPTER 13

**OTTER CREEK HOMEOWNERS ASSOCIATION'S
RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM NO. 2**

Otter Creek Homeowners Association ("Otter Creek") submits the following Response to the Objection to the Claim (the "Objection") filed by Mark T. McCarty, Standing Chapter 13 Trustee (the "Trustee"), and in support thereof, states:

**I. FACTUAL BACKGROUND**

1.     Otter Creek is a non-profit corporation organized under the laws of the State of Arkansas for the purpose of maintaining assets and amenities for several subdivisions in a gated community located in Little Rock, Arkansas.

2.     Debtor is a homeowner in Otter Creek, owning a home located at 14200 Wimbledon Loop, Little Rock, Arkansas 72210.

3.     At all times pertinent to this case, the Homeowners Association Declaration ("Declaration") was filed as a public record at Book 1323, Page 1 of the Deeds and Records of Pulaski County, Arkansas.

4.     Otter Creek is empowered to fix, levy, collect and enforce, by any lawful means, payments, charges or assessments made pursuant to the Declaration mentioned above. The Declaration provides that:

> Any assessments which are not paid when due shall be delinquent, and shall constitute a lien on the Lot or acreage against which said assessment is made. If the assessment is not paid within 30 days after the due date, the assessment shall bear interest from the date of

1179425-v1

delinquency at the rate of 10% per annum, and the Association may bring an action at law against the owner personally obligated to pay the same, or foreclose its lien against the Lot, or both, and interest, costs and reasonable attorneys' fees of any such action shall be added to the amount of such assessment.

5. Pursuant to this authority, Otter Creek charges homeowners with a general annual assessment and a special assessment for capital improvements. The residents are permitted to pay the assessment figure on a monthly basis.

6. Debtor filed her Chapter 13 Bankruptcy Case No. 13-12806 (the "Bankruptcy") on or about May 14, 2013. The case was subsequently dismissed for failure to file deficient chapter 13 plan and notice, but then reinstated on June 23, 2013.

7. Otter Creek properly and timely filed Proof of Claim 2 (the "Claim") on July 15, 2013 for monthly assessments accruing pre-petition and post-petition against the Debtor. As stated on the Claim and in the supporting documents attached to the Claim, at the time the bankruptcy petition was filed, Debtor owed $4,518.58.

8. Since the petition was filed, as set forth in the supporting documents attached to the Claim, an additional $112.00 of monthly assessments and late fees have accrued, creating a total outstanding balance on Debtor's account of $4,630.58 as of June 30, 2013. Monthly post-petition fees have and will continue to accrue at the rate of $41.00 per month. If fees are not paid by the 25th day of the month, a $15 late fee is assessed against the Debtor by Otter Creek.

9. Otter Creek was in contact with the Trustee's staff via telephone and email on July 18, 2013, the day the Objection was filed, attempting to address

certain concerns the Trustee had with the Claim, including but not limited to the amounts listed on boxes 1 and 4 of the Official Form. At that time, Otter Creek requested that a supervisor or some other staff member in the Trustee's office provide some guidance on how to adequately amend the Claim to provide for the pre-petition and post-petition arrearages in such a way that is acceptable to the Trustee. The Trustee's office staff responded with an email stating that the Claim can stay as is, that pre-petition fees will be paid as unsecured, and that post-petition fees would be paid at 100%. *See* **Exhibit 1**, Email-1. Otter Creek responded seeking clarification as to its treatment under the plan and additional guidance on how to proceed in possibly amending the Claim. *See* **Exhibit 2**, Email-2. Otter Creek did not receive a response.

10. On July 18, 2013, the Trustee filed the Objection on the grounds that "the [Claim] fails to comply with F.R.C.P. 3001(a) in that the amounts listed as secured, $4,630.58 does not equal the total amount of the claim $4,518.58, and the Trustee is unable to determine the correct claim amount." In addition, the Trustee also prays that the Court disallow the claim in its entirety.

## ARGUMENT

11. The Trustee has not asserted any of the § 502(b) grounds for disallowance. The Trustee, instead, seeks to disallow the claims at issue based on the failure to comply with Federal Rule of Bankruptcy Procedure 3001. Rule 3001 provides that a proof of claim "shall conform *substantially* to the appropriate Official Form." Fed. R. Bankr. P. 3001(a) (emphasis added).

3

1179425-v1

12. Bankruptcy Rule 3001 does not, by itself, establish grounds for disallowance of a claim. If an objecting party asserts only that the claimant's proof of claim does not comply with Bankruptcy Rule 3001, without asserting a ground for disallowance provided under § 502(b), a cognizable claim must be allowed. *In re Kirkland*, 379 B.R. 341, 345 (B.A.P. 10th Cir. 2007).

13. In response to a non-substantive objection, the Court should allow a claim so long as the claim contains sufficient information for an objecting party to discern its basis and the amount. *See, Id*.

14. Box 1 on the B10 Official Form asks for the amount of the Claim as of the date the case was filed. This portion of the form was completed by Otter Creek to show the pre-petition arrearages owed by Debtor to Otter Creek as of the date the case was filed.

15. Because additional fees have been assessed against the Debtor's account, Otter Creek's secured claim has increased since the time of the bankruptcy filing. Otter Creek completed the B10 Official Form accordingly to show the total amount of its secured claim in Box 4.

16. If any doubt remains as to the basis or amount of the Claim following a review of the B10 form alone, the supporting documents attached to the Claim clearly set forth the basis for and amount of the pre-petition arrearages owed by the Debtor to Otter Creek, the amount of post-petition arrearages that have accrued since the filing to date, and the amount of the monthly assessments that will continue to be assessed against the Debtor going forward.

17. The Claim more than satisfies the standard articulated by the 10th Circuit in *Kirkland*, and therefore the Objection should be denied.

WHEREFORE, Otter Creek Homeowners Association prays that this Court deny the Trustee's objection, allow the proof of claim as filed herein on behalf of Otter Creek Homeowners Association in its entirety, and grant Otter Creek all further relief to which it may be entitled.

        Respectfully Submitted,

        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, AR 72201
        Telephone: 501-371-0808
        Fax: 501-376-9442
        Email: sjewell@wlj.com

        By: /s/ Seth R. Jewell
            Seth R. Jewell (2011175)
            Attorneys for Otter Creek Homeowners Association

1179425-v1

CERTIFICATE OF SERVICE

      I hereby certify that on July 24, 2013, a true and correct copy of the foregoing document was filed electronically via the Court's electronic case filing system (ECF), was served on all parties requesting notice through the Court's ECF system:

Everett O. Martindale
Email: 3v3r3tt@sbcglobal.net

Mark T. McCarty
Chapter 13 Standing Trustee
P.O. Box 5006
N. Little Rock, AR 72119-5006

          /s/ Seth R. Jewell
          Seth R. Jewell